WALKER-BEY v DEPARTMENT OF CORRECTIONS

Docket No. 173953. Submitted July 25, 1996, at Detroit. Decided April 4, 1997, at 9:25 A.M.

Melvin Walker-Bey, a state prison inmate, petitioned the Ingham Circuit Court for judicial review of a decision by the Department of Corrections to deny a rehearing after the petitioner was found guilty of a major misconduct violation by a hearing officer. The court, Lawrence M. Glazer, J., granted the respondent's motion to affirm and dismissed the petition, ruling that the petition had not been timely filed with the court clerk. The petitioner appealed by leave granted.

The Court of Appeals held:

MCL 791.255(2); MSA 28.2320(55)(2), MCR 7.105(C), and MCR 2.107(G) unambiguously require that a petition for judicial review be filed with the court clerk within sixty days of the department's final decision or order. Given the absence of ambiguity in the statute and the court rules, the Court of Appeals is precluded from engaging in judicial construction so as to adopt a "prison mailbox rule" similar to that adopted in Houston v Lack, 487 US 266; 108 S Ct 2379; 101 L Ed 2d 245 (1988), under which the petition for judicial review may be considered filed with the court clerk when given to prison authorities for mailing and under which the petition in this case would be timely.

Affirmed.

WHITE, J., concurring, stated that the court rule requires that the filing be with the court clerk and that the power to amend the court rule rests with the Supreme Court, not the Court of Appeals.

PRISONS AND PRISONERS — MISCONDUCT HEARINGS — JUDICIAL REVIEW.

A state prison inmate who seeks judicial review of a final decision or order of the Department of Corrections following a hearing or rehearing on a misconduct charge against the inmate must, within sixty days after the decision or order, file a petition for judicial review with the clerk of the Ingham Circuit Court or the circuit court of the county in which the inmate resides; giving the petition to prison authorities for mailing does not constitute filing the petition with the court clerk (MCL 791.255[2]; MSA 28.2320[55][2]; MCR 2.107[G], 7.105[C]).

Melvin Walker-Bey, in propria persona.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Judith I. Blinn*, Assistant Attorney General, for the respondent.

Before: REILLY, P.J., and WHITE and P. D. SCHAEFER*, JJ.

PER CURIAM. Petitioner appeals by leave granted an Ingham Circuit Court order affirming an administrative finding by respondent Department of Corrections and dismissing petitioner's petition for judicial review. The issue in this case is whether the petition for review should be deemed timely filed because, within the applicable period for filing, the petition was given to prison authorities for mailing to the court clerk. We decline to adopt the "prison mailbox rule" of *Houston v Lack*, 487 US 266; 108 S Ct 2379; 101 L Ed 2d 245 (1988), and affirm the circuit court's order.

Petitioner is a prisoner at the Ryan Correctional Facility. On June 1, 1993, the department denied petitioner's request for rehearing of its prior finding that he had committed a major misconduct violation. Petitioner sought judicial review of the department's denial pursuant to MCL 791.255(2); MSA 28.2320(55)(2). He contends that he gave the petition seeking review to prison authorities on July 28, 1993. The pleading was received by the circuit court and was date-stamped August 6, 1993, after the sixty-day filing deadline provided in the statute expired. The department filed a motion to affirm pursuant to MCR 7.105(J)(3), asserting in part that the petition

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was untimely. MCR 7.105(J)(3)(b). The circuit court granted the motion in a December 30, 1993, opinion and order. Petitioner moved for rehearing, which the court denied as untimely in a February 17, 1994, order. This Court granted petitioner leave to appeal.

MCL 791.255(2); MSA 28.2320(55)(2), MCR 7.105(C), and MCR 2.107(G) are applicable to the issue of the timeliness of the filing of the petition for review. MCL 791.255(2); MSA 28.2320(55)(2) provides:

> Within 60 days after the date of delivery or mailing of notice of the decision on the motion or application for the rehearing, if the motion or application is denied or within 60 days after the decision of the department or hearing officer on the rehearing, a prisoner aggrieved by a final decision or order may file an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham county.

MCR 7.105(C) provides in part:

> Judicial review of an agency decision in a contested case is initiated by filing, within the time required by the applicable statute, a document entitled "Petition for Review" . . . .

MCR 2.107(G) provides:

> The filing of pleadings and other papers with the court as required by these rules must be with the court clerk, except that the judge may permit papers to be filed with him or her in which event the judge shall note the filing date on the papers and forthwith transmit them to the office of the court clerk.

Petitioner argues that this Court should adopt the "prison mailbox rule" of *Houston v Lack, supra.*[1] In that case, the petitioner filed a pro se petition for a writ of habeas corpus in the federal district court. The petition was dismissed. The petitioner drafted a notice of appeal and deposited it with prison authorities for mailing. The notice was stamped "filed" by the district court clerk one day after the expiration of the thirty-day filing period for taking an appeal under Federal Rule of Appellate Procedure 4(a)(1). The appeal was dismissed as being untimely. The Supreme Court examined 28 USC 2107,[2] Federal Rules of Appellate Procedure 3(a)[3] and 4(a)(1)[4] and concluded that they were not dispositive with regard to the critical question when "filing" has occurred. The Court held that for pro se prisoners, a notice of appeal is

---

[1] Because *Houston* was based on an interpretation of a federal statute and federal court rules that are not applicable in this case, the decision is not binding on this Court.

[2] 28 USC 2107 provides:

> [N]o appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

[3] At the time applicable herein, Federal Rule of Appellate Procedure 3(a) provided:

> An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4.

[4] At the time applicable herein, Federal Rule of Appellate Procedure 4(a)(1) provided in part:

> In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from . . . .

considered filed at the moment of delivery to prison authorities for forwarding.

The dissent in *Houston* criticized the majority opinion for essentially rewriting the appellate rules by way of judicial interpretation. Justice Scalia, joined by Chief Justice Rehnquist and Justices O'Connor and Kennedy, stated that the majority's decision "obliterates the line between textual construction and textual enactment." *Houston*, at 277.

> It would be within the realm of normal judicial creativity (though in my view wrong) to interpret the phrase "filed with the clerk" to mean "mailed to the clerk" or even "mailed to the clerk or given to a person bearing an obligation to mail to the clerk." But interpreting it to mean "delivered to the clerk or, if you are a prisoner, delivered to the warden" is no more acceptable than any of an infinite number of variants, such as: "delivered to the clerk or, if you are out of the country, delivered to a United States consul"; or "delivered to the clerk, or if you are a soldier on active duty in a war zone, delivered to your commanding officer"; or "delivered to the clerk, or if you are held hostage in a foreign country, meant to be delivered to the clerk." Like these other examples, the Court's rule makes a good deal of sense. I dissent only because it is not the rule that we have promulgated through congressionally prescribed procedures. [*Id.*]

In the absence of ambiguity in the court rules and statute, we are precluded from adopting a "prison mailbox rule."

> The rules of statutory construction are well established. First and foremost, we must give effect to the Legislature's intent. *Reardon v Mental Health Dep't*, 430 Mich 398, 407; 424 NW2d 248 (1988). If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528

NW2d 681 (1995). [*Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996).]

If a statute is clear, it is inappropriate for us to speculate regarding the probable intent of the Legislature. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). The fact that a statute seems unwise or impolitic is not sufficient for judicial construction but is a matter for the Legislature. *City of Lansing v Lansing Twp*, 356 Mich 641, 648; 97 NW2d 804 (1959). The rules of statutory construction also apply to court rules. *St George Greek Orthodox Church v Laupmanis Associates, PC*, 204 Mich App 278, 282; 514 NW2d 516 (1994).

When read together, MCL 791.255(2); MSA 28.2320(55)(2), MCR 7.105(C), and MCR 2.107(G) unambiguously require that the petition for review be filed with the court clerk within the sixty-day period. MCL 791.255(2); MSA 28.2320(55)(2) requires that the prisoner, within sixty days, "file an application for direct review in the circuit court . . . ." MCR 7.105(C) states that judicial review is initiated "by filing, within the time required by the applicable statute" a petition. MCR 2.107(G) unambiguously requires that filing be with the court clerk, or a judge, with permission. Although sympathetic to the plight of the prisoner proceeding pro se[5], like the dissenters in *Houston*, we are unwilling to "obliterate[] the line between textual construction and textual enactment." *Id.* at 277. The decision to adopt the prison mailbox rule belongs to the Legislature and to the Supreme Court which, if they see fit, are empowered to rewrite the statute and the court rules, respectively.

---

[5] See *Houston*, at 271-272.

Because the petition for review was not timely filed with the court clerk within the period provided by MCL 791.255(2); MSA 28.2320(55)(2), the court properly granted the department's motion to affirm and dismissed the petition.

Affirmed.

WHITE, J. *(concurring)*. While I am sympathetic to the views expressed by the majority in *Houston v Lack*, 487 US 266; 108 S Ct 2379; 101 L Ed 2d 245 (1988),[1] I concur on the basis that the court rule requires that filing be with the court clerk. While the Michigan Supreme Court could, by rule amendment or decision, provide that a prisoner's appeal need not be filed directly with the clerk, it is not within the power of this Court to so amend the court rule.

---

[1] [P]risoners cannot take the steps other litigants can take to monitor the processing of their notices to appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming mail, but only the pro se prisoner is forced to do so by his situation. . . . [T]he pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, because his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities that slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice. [487 US 270-271 (emphasis in original).]