615 N.W.2d 212 (2000)
C. Pepper MOORE, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
Docket No. 115613, COA No. 215516.
Supreme Court of Michigan.
June 2, 2000.
On order of the Court, the delayed aplication for leave to appeal from the August 31, 1999, decision of the DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, J., concurs and states as follows:
I join the order denying leave to appeal because our court rules unambiguously require that a petition for review of the Department of Corrections decision be filed with the circuit court clerk or, with permission, a circuit judge.
MCL 791.255(2); MSA 28.2320(55)(2) provides a sixty-day period in which a prisoner aggrieved by a final decision or order of a hearing officer of the Department of Corrections "may file an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham county." Although the statute does not define the term "file" or designate with whom the prisoner must file the petition, our court rules fill in these details. Under MCR 7.105(C), a prisoner initiates judicial review of the decision "by filing, within the time required by the applicable statute, a document entitled `Petition for Review...." MCR 2.107(G), which applies to these proceedings because no other court rule provides a different procedure, see MCR 2.001, designates with whom the prisoner must file the petition:
The filing of pleadings and other papers with the court as required by these rules must be with the court clerk, except that the judge may permit papers to be filed with him or her in which event the judge shall note the filing date on the papers and forthwith transmit them to the office of the court clerk.
Thus, the court rules clearly provide that, within the sixty-day period, a prisoner must file the petition with the circuit court clerk or, if permission is granted, with a circuit judge. The Court of Appeals correctly reached this conclusion in Walker-Bey v. Dep't of Corrections, 222 Mich.App. 605, 564 N.W.2d 171 (1997).
I would decline plaintiff's invitation to interpret the language of the statute and court rules to hold that delivery of a petition to prison authorities constitutes filing with the court clerk. Although the United States Supreme Court adopted the prison mailbox rule in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), we are not bound by that decision because Houston did not hold that the rule is constitutionally required. In this case, a distortion of the clear language of the court rules is necessary to carve an exception for prisoners. In the words of Justice Scalia, to adopt the prison mailbox rule through interpretation of our court rules would "obliterate[ ] the line between textual construction and textual enactment." Houston, supra at 277, 108 S.Ct. 2379 (Scalia, J., dissenting).
Further, as explained by Justice Clark in his dissent in Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 390, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964):
Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in rules whose inflexibility has turned out to work hardship should be effected by the process of amendment, not by ad hoc relaxations by this Court in particular *213 cases. Such dispensations in the long run actually produce mischievous results, undermining the certainty of the rules and causing confusion among the lower courts and the bar.
The Michigan court rules regarding filing promote certainty by providing a clear rule that applies to all litigation. Creating an exception to the rule for prisoners would likely increase litigation over such issues as when and whether a prisoner delivered a document to prison authorities. Moreover, if we carve an exception for prisoners, why should we not alter the rule for other litigants who are unable to deliver the documents to the clerk in person? These considerations reveal the necessity for a single, defined rule to make clear when a pleading is filed. Our court rules currently provide that clear rule.
Accordingly, I join the order denying leave to appeal in this case because plaintiff failed to file his petition with the circuit court clerk within the sixty-day period.
MICHAEL J. KELLY, J., dissents and states as follows:
I would grant leave in this case to consider whether the Court should adopt the "mailbox rule" for determining whether a prison inmate has met the sixty-day filing deadline for an appeal from a decision of a Department of Corrections (DOC) hearing officer. See M.C.L. § 791.255(2); MSA 28.2320(55)(2).[1] The issue is jurisprudentially significant, and the language of the applicable statute and court rules is ambiguous.
A DOC hearing officer found plaintiff guilty of insolent behavior toward a staff supervisor. The DOC denied plaintiff's request for rehearing on February 12, 1998. Plaintiff received notice of that decision on February 25, 1998.
Subsequently, plaintiff sought judicial review of the decision. On April 20, 1998, he submitted his petition for review to a prison official for forwarding to the Ingham Circuit Court. The court did not receive plaintiff's petition until May 4, 1998. Counting eighty-one days between February 12, 1998, and May 4, 1998, it dismissed the petition sua sponte, because it was not filed by the sixty-day statutory deadline. The Court of Appeals declined to consider plaintiff's case.
In a different case, the Court of Appeals rejected the application of the "mailbox rule." Walker-Bey v. Dep't of Corrections, 222 Mich.App. 605, 564 N.W.2d 171 (1997). It held that the applicable statutory language[2] and court rules[3] were unambiguous. It said that an inmate had to file an application for leave to appeal with the court clerk within sixty days of the decision by the Department of Corrections.
I do not find that the statute and the court rules are as clear and as unambiguous as the Court of Appeals has decided. *214 MCR 2.107(G) states that "[t]he filing of pleadings and other papers with the court as required by these rules must be with the court clerk...." However, subsection 55(2) and MCR 7.105(C) do not state that plaintiff's petition must be filed "with the court."
Subsection 55(2) states that the prisoner may file, within sixty days, "an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham County." (Emphasis added.) The statute identifies where the review may take place, but does not identify where a prisoner must file papers to meet the statutory deadline.
Likewise, MCR 7.105(C) merely states that judicial review is initiated by "filing" within the time required by the statute. It does not state that the papers must be filed "with the court."
Therefore, MCR 2.107(G) may not even be operative in this context. It is up to this Court to decide whether filing for purposes of M.C.L. § 791.255(2); MSA 28.2320(55)(2) and MCR 7.105(C) has the same meaning as filing "with the court" as defined by MCR 2.107(G).[4]
Furthermore, rejection of the "mailbox rule" in this context creates a dilemma and has potential for unjust results for those seeking legislatively authorized judicial review of DOC decisions. The United States Supreme Court in adopting the "mailbox rule" articulated well the dilemma plaintiff and other prisoners face:
The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the ... deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice.... [T]he pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped "filed" on time.... Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has accessthe prison authoritiesand the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice. [ Houston v. Lack, 487 U.S. 266, 270-272, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).]
Here, plaintiff is attempting to appeal from a DOC decision, but must rely on the DOC to timely file his petition for review. In such a situation, the DOC has an incentive to delay and avoid having its decision overturned. Thus, rejecting the "mailbox rule" creates the potential for an unjust result for prisoners seeking judicial review of DOC decisions. Given the possibility of such an unjust result, together with the ambiguity demonstrated above and the published Court of Appeals decision in Walker-Bey, I would grant leave.[5]
NOTES
[1] MCL 791.255(2); MSA 28.2320(55)(2) authorizes an appeal from a decision of the Department of Corrections and states:

Within 60 days after the date of delivery or mailing of notice of the decision on the motion or application for the rehearing, if the motion or application is denied or within 60 days after the decision of the department or hearing officer on rehearing, a prisoner aggrieved by a final decision or order may file an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham county.
The "mailbox rule" holds that a petition or application is "filed" when it is placed in the mailbox or submitted to prison authorities for mailing.
[2] MCL 791.255(2); MSA 28.2320(55)(2).
[3] MCR 7.105(C) provides in part:

Judicial review of an agency decision in a contested case is initiated by filing, within the time required by the applicable statute, a document entitled "Petition for Review"....
MCR 2.107(G) provides:
The filing of pleadings and other papers with the court as required by these rules must be with the court clerk, except that the judge may permit papers to be filed with him or her in which event the judge shall note the filing date on the papers and forthwith transmit them to the office of the court clerk.
[4] Justice Corrigan fails to identify that MCR 2.107(G) is entitled "Filing With Court Defined." Neither M.C.L. § 791.255(2); MSA 28.2320(55)(2) nor MCR 7.105(C), directs a prisoner to file his papers with a court. In fact, a prisoner appearing in propria persona may have no alternative but to file his papers elsewhere, because he may not have access to the court clerk. Thus, the court rules do not "clearly" provide that plaintiff was required to timely file his papers with the court clerk. If we fail to recognize that distinction, we may foreclose a prisoner's opportunity for a legislatively authorized appeal.
[5] It is of no significance that more than sixty days elapsed between February 12, 1998, the date of the final DOC decision, and April 20, 1998, the date plaintiff submitted his petition for filing. Subsection 55(2) starts the sixty-day period at the date of delivery or the date notice is mailed to the prisoner. Notice of the final DOC decision was delivered to plaintiff on February 25, 1998. Thus, when plaintiff submitted his petition to prison officials for filing, only fifty-four days had elapsed from the time notice of the DOC final decision was delivered to him.