*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0093p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

JOHN ANDREW DORN,

          *Petitioner-Appellant,*

    *v.*

BLAINE LAFLER, Warden,

          *Respondent-Appellee.*

No. 08-1594

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-11993—Nancy G. Edmunds, District Judge.

Argued: January 19, 2010

Decided and Filed: April 5, 2010

Before: SILER, MOORE, and CLAY, Circuit Judges.

————————————

**COUNSEL**

**ARGUED:** Gene Crawford, JONES DAY, Columbus, Ohio, for Appellant. Debra M. Gagliardi, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Gene Crawford, JONES DAY, Columbus, Ohio, for Appellant. Debra M. Gagliardi, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee. John A. Dorn, Coldwater, Michigan, pro se.

————————————

**OPINION**

————————————

SILER, Circuit Judge. John Andrew Dorn appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. The district court certified two issues for appeal—whether Dorn was denied effective assistance of counsel and whether he was denied an appeal as of right in violation of his constitutional right to access the courts. For the following reasons, we **REVERSE** and **REMAND**.

## I.  BACKGROUND

Dorn was charged in Kalamazoo County, Michigan with three counts: (1) assault with intent to commit murder, (2) being a felon in possession of a firearm, and (3) possession of a firearm during the commission of a felony.  The charges arose out of a physical altercation he had with Walter Anderson, whom he shot.[1]  On the first day of trial, the prosecutor dismissed the felon-in-possession charge.  The jury convicted Dorn of the lesser included offense, assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, and felony firearm, Mich. Comp. Laws § 750.227b.  He was sentenced as a fourth habitual offender to two years' imprisonment for the felony firearm conviction and to fifteen to thirty years' imprisonment for the assault conviction, to be served consecutively.

At the conclusion of his trial, Dorn waived appointment of appellate counsel and indicated that he intended to retain his own counsel for appeal.  Having not yet secured appellate counsel, Dorn was responsible for filing his claim of appeal, which was due in the Michigan Court of Appeals on June 22, 1998.  He requested disbursement of the filing fee from a prison official on June 11, 1998.  On June 15, 1998, he provided the same official with his claim of appeal, for notarizing and mailing, along with his disbursement.  However, the Michigan Department of Corrections did not process the disbursement or mail the claim of appeal until June 23, 1998, one day after it was due.  The Court of Appeals dismissed his claim for lack of jurisdiction, because it was filed late.  It also denied Dorn's motion to reinstate or reconsider its order dismissing his claim of appeal.  Dorn then filed a *pro per* delayed application for leave to appeal raising seven issues, including both issues raised here.  In this application, he requested the court remand his case to the trial court for an evidentiary hearing on his ineffective assistance of counsel claims.  The Court of Appeals summarily denied his application "for lack of merit in the grounds presented."  He appealed this decision to the Michigan Supreme Court.  Although the court initially held his application in abeyance pending

---

[1] Because we do not reach Dorn's ineffective assistance of counsel claim, a more thorough description of the incident leading to his conviction and the evidence presented at trial is not relevant.

decisions in two other cases, it ultimately denied his application for leave to appeal, because it was "not persuaded that the questions presented should be reviewed."

Dorn filed for state post-conviction relief *pro per*. The trial court analyzed some of Dorn's claims, including his argument that the Michigan Supreme Court should adopt the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). It denied his motion for relief, noting that Dorn was attempting to "reargu[e] issues that were brought in his various motions and applications for leave to appeal." The Michigan Court of Appeals denied Dorn's delayed application for leave to appeal, stating that he "fail[ed] to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." The Michigan Supreme Court also denied leave to appeal.

Dorn then filed a pro se petition for habeas corpus before the Eastern District of Michigan. The district court denied his petition and granted a certificate of appealability on the two issues presented here. We *sua sponte* appointed counsel for Dorn.

## II.  STANDARD OF REVIEW

Dorn filed his federal habeas petition after Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, when a state court has adjudicated the merits of the claims presented, we may not grant a petition for writ of habeas corpus unless the state-court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Where . . . the state court did not assess the merits of a claim properly raised in a habeas petition," however, "the deference due under AEDPA does not apply." *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (citing *Williams v. Coyle*, 260 F.3d 684, 706 (6th Cir. 2001)). Where there was no state-court adjudication on the merits of a habeas claim, we review that claim de novo. *Id.* at 436-37.

Dorn argues that the Michigan Court of Appeals's and the Michigan Supreme Court's orders denying his applications for leave to appeal, and subsequently the trial court's order denying his motion for post-conviction relief and both the Michigan Court

of Appeals's and Supreme Court's orders denying leave to appeal therefrom, were not adjudications on the merits such that AEDPA deference applies. The Michigan Court of Appeals denied his application for delayed appeal—which included the two claims presented here—"for lack of merit in the grounds presented." The Michigan Supreme Court denied review because it was not "persuaded that the questions presented should be reviewed." In addition, the state trial court declined to reach his right-to-appeal argument presented in his motion for post-conviction relief, ruling that it "[had] already been addressed on appeal." The Michigan Court of Appeals and Supreme Court summarily denied his discretionary appeal of that ruling.

In *McAdoo v. Elo*, 365 F.3d 487 (6th Cir. 2004), we concluded that de novo review of a petitioner's habeas claims was warranted, because there was no adjudication on the merits when no state court had discussed the merits of the claims and the Michigan Court of Appeals and Supreme Court "denied leave to appeal in orders of one sentence." *Id.* at 498. The orders issued in *McAdoo* appear to be identical to those issued here. The warden argues that *Halbert v. Michigan*, 545 U.S. 605 (2005), indicates Dorn's claims were adjudicated on the merits. In *Halbert*, the Supreme Court explained that "using the stock phrase 'for lack of merit in the grounds presented' . . . necessarily entails some evaluation of the merits of the applicant's claims." *Id.* at 618. However, the Court recognized that the stock phrase at issue here "may not be equivalent to a 'final decision' on the merits, *i.e.*, the disposition may simply signal that the court found the matters asserted unworthy of the expenditure of further judicial resources." *Id.* Moreover, the Court was not considering the appropriate standard of review in habeas proceedings when a state court uses such stock language. Because the state court may have various reasons for denying an application for leave to appeal "for lack of merit in the grounds presented," and we cannot discern from that language alone whether that decision was based on the merits of the case, we cannot conclude that it was an "adjudication on the merits" pursuant to 28 U.S.C. § 2254(d). Accordingly, de novo review is appropriate.

### III.  DISCUSSION

Dorn argues that the prison officials' mishandling of his appeal papers caused him to lose his appeal of right, thereby violating the Fourteenth Amendment and his right of access to the courts.  The right of access to the courts is fundamental.  *See Johnson v. Avery*, 393 U.S. 483, 485 (1969); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (noting that "[i]t is well established that prisoners have a constitutional right of access to the courts," which extends to direct appeals).  This right prohibits regulations that prevent state prisoners from filing habeas corpus petitions unless they were found "properly drawn" by the "legal investigator" for the parole board, *Ex parte Hull*, 312 U.S. 546, 549 (1941); requires that indigent prisoners be allowed to file appeals and habeas corpus petitions without paying docket fees, *Burns v. Ohio*, 360 U.S. 252, 257 (1959); requires that States provide trial records to inmates who are unable to purchase them, *Griffin v. Illinois*, 351 U.S. 12, 20 (1956); demands counsel be appointed to indigent inmates in pursuit of appeals as of right, *Douglas v. California*, 372 U.S. 353, 358 (1963); and mandates that prisons assist inmates in preparing and filing legal papers by providing access to adequate law libraries or assistance from persons trained in the law, *Bounds*, 430 U.S. at 828.  In addition, the Supreme Court has found a Fourteenth Amendment violation where a prison's ban on sending papers from the prison resulted in petitioner's dismissal of his appeal of right, because he could not file his appeal documents before the filing deadline.  *Dowd v. United States ex rel. Cook*, 340 U.S. 206, 208 (1951).

States have "affirmative obligations to assure all prisoners meaningful access to the courts."  *Bounds*, 430 U.S. at 824.  Consistent with their other affirmative obligations, prisons have an obligation to timely mail court documents when prisoners have been diligent and punctual in submitting them to prison officials.[2]  Dorn gave prison officials his appeal papers seven days before they had to be received by the court.

---

[2]We need not determine at this point what constitutes a reasonable time within which prison officials should receive documents from prisoners for their proper submission to the courts.

This gave the prison a reasonable amount of time within which to mail the papers such that they would be received before his filing deadline. The Warden argues that Dorn's right to access the courts was not violated because, unlike in *Dowd*, 340 U.S. at 208, and *Cochran v. Kansas*, 316 U.S. 255, 256 (1942), prison officials did not intentionally suppress Dorn's legal papers. This distinction is irrelevant. Regardless whether prison officials intended to prevent Dorn from pursuing his appeal of right, the effect was the same. The prison's handling of Dorn's papers precluded him from pursuing his statutory right of appeal.

Dorn has also demonstrated that the prison's failure to handle his mail in a timely manner prejudiced him. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("In order to state a claim for denial of meaningful access to the courts . . . plaintiffs must plead and prove prejudice stemming from the asserted violation."). Under M.C.R. 7.202(2), the date of filing is defined as "the date of receipt of a document by a court clerk." Michigan does not follow the "prison mailbox rule" adopted in *Houston. See Walker-Bey v. Dep't of Corrs.*, 564 N.W.2d 171, 173 (Mich. Ct. App. 1997). Accordingly, even though Dorn gave his appellate papers to prison officials seven days before they were due to the court, prison officials did not mail them until eight days later, and they were not deemed filed until the court received them, four days after they were due. Thus, Dorn's initial appeal was dismissed as untimely. The district court denied habeas relief on this claim because, in its view, Dorn's "appeal process was not entirely nonexistent, nor 'presumptively unreliable' such that a presumption of prejudice has occurred." We disagree.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court considered whether a habeas petitioner alleging ineffective assistance of counsel had demonstrated prejudice when his counsel's failure to file a notice of appeal resulted in the dismissal of his appeal as of right. *Id.* at 483. Although we are considering prejudice in a different context, the Court's discussion of prejudice is instructive. It concluded that a presumption of prejudice applies where counsel's deficiency resulted in the denial of an entire judicial proceeding: "The even more serious denial of the entire judicial

proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice." *Id.* Thus, Dorn is entitled to a presumption of prejudice.

Even if Dorn were not entitled to a presumption of prejudice, he has demonstrated prejudice. Although he subsequently filed a delayed application for leave to appeal and motions for post-conviction relief in state court, those motions have additional hurdles that a prisoner must jump before receiving consideration of his claims. For example, in deciding whether to grant delayed applications for leave to appeal, the Michigan Court of Appeals considers factors other than those presented by the petitioner's claims, such as "the length of and the reasons for delay." Mich. Ct. R. 7.205(F). Michigan courts have even acknowledged that "[c]onsideration of a petition to file a delayed appeal is not equivalent to an appeal as of right." *See, e.g.*, *People v. Gorka*, 164 N.W.2d 30, 32 n.1 (Mich. 1969). Additionally, unlike in discretionary appeals such as a delayed application for leave to appeal or a petition for habeas corpus, a prisoner has a right to appellate counsel in an appeal granted as of right.[3] *See Douglas*, 372 U.S. at 355-56. Although Dorn presented his claims in various other proceedings, the distinctions between those proceedings and an appeal as of right are significant enough for us to conclude that he was prejudiced by the prison's actions. *Pilgrim*, 92 F.3d at 416. Accordingly, Dorn is entitled to federal habeas relief on this claim.[4]

---

[3]The fact that Dorn may have initially waived his right to appellate counsel does not matter. Dorn may have re-evaluated this decision, in which case he may have been entitled to appointment of counsel pursuant to *Douglas*, 372 U.S. at 355-56.

[4]We decline to reach the merits of Dorn's ineffective assistance of counsel claim. Because we are granting Dorn's habeas petition based on his right to access claim, Michigan will have to either reinstate his appeal as of right or release him. Accordingly, the Michigan courts may be given the opportunity to address Dorn's ineffective assistance claim or they may make particularized findings that would alter our analysis of his ineffective assistance of counsel claim. Given our decision on his right to access claim, any discussion of his ineffective assistance claim would be premature.

## IV.  CONCLUSION

We **REVERSE** the judgment of the district court and **REMAND** to the district court to issue "such orders as are appropriate to allow [Michigan] a reasonable time in which to afford [Dorn] the full appellate review he would have received but for the untimely submission of his papers, failing which he shall be discharged." *Dowd*, 340 U.S. at 210.