<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 11a0383n.06

No. 09-1856

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jun 06, 2011***

LEONARD GREEN, Clerk

DERRICK D. COLEMAN,               )
                                  )
        Petitioner-Appellant,     )
                                  )          ON APPEAL FROM THE UNITED
v.                                )          STATES DISTRICT COURT FOR
                                  )          THE WESTERN DISTRICT OF
CINDI S. CURTIN,                  )          MICHIGAN
                                  )
        Respondent-Appellee.      )

Before: KEITH, MARTIN, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.   Derrick D. Coleman, a Michigan prisoner proceeding pro se, appeals the district court's order denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Coleman pled guilty to armed robbery and possessing a firearm during the commission of a felony. The trial court sentenced him to consecutive prison terms of 262 to 600 months and two years, respectively. The Michigan Court of Appeals and Michigan Supreme Court denied Coleman's appeals and his requests for post-conviction relief.

Coleman filed a § 2254 petition, and ultimately an amended petition, asserting three claims: (1) the Michigan trial court violated his due process rights by not enforcing the plea agreement or permitting Coleman to withdraw his plea; (2) the trial court violated his due process rights by scoring the Michigan sentencing guidelines using facts not admitted by Coleman or found by a jury beyond

a reasonable doubt; and (3) the trial court violated his due process rights by improperly scoring certain offense variables and using inaccurate information to calculate his sentence. Lastly, he argues his trial and appellate counsel provided ineffective assistance by not objecting. The United States Magistrate Judge recommended the denial of all issues on the merits. Over Coleman's objections, the district court adopted the magistrate judge's recommendation, denied the petition, and declined to issue a certificate of appealability. This court granted Coleman a certificate of appealability for all three of his claims.

Coleman then moved this court to hold his appeal in abeyance and remand the case to the Michigan Court of Appeals for an evidentiary hearing concerning the impact on his case of the Michigan Supreme Court's decision in *People v. McGraw*, 771 N.W.2d 655 (Mich. 2009). On appeal, Coleman argues that the district court erred in denying his § 2254 petition.

We review de novo a district court's denial of a § 2254 petition. *Middlebrooks v. Bell*, 619 F.3d 526, 534 (6th Cir. 2010). "When a state court does not address the merits of a claim, federal review is de novo." *Id.*; *see Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010).

Coleman first argues that the trial court violated his due process rights by not enforcing the plea agreement he made with the Michigan prosecutor or allowing him to withdraw his plea. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Railey v. Webb*, 540 F.3d 393, 417 (6th Cir. 2008) (internal quotation marks and citation omitted). "The plea must be made with knowledge of the relevant circumstances and likely consequences." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (internal quotation marks and citation omitted).

At his plea hearing, the trial court advised Coleman of the charges against him and the consequences of his plea. Further, after the prosecutor stated that offense would be scored as zero and the prosecution would dismiss the third-felony habitual offender charge in exchange for Coleman pleading guilty to being a second-felony habitual offender, Coleman acknowledged that no other promises had been made and that he had not been told how the court would sentence him except that the Michigan guidelines would be utilized. Coleman has thus failed to show that his plea

was involuntary or unknowing or that the trial court did not properly enforce the plea agreement. Coleman's claim that the trial court improperly prevented him from withdrawing his guilty plea lacks merit because Coleman specifically declined to withdraw his plea when given the opportunity to do so at the sentencing hearing.

Coleman next argues that the trial court violated his rights under *Blakely v. Washington*, 542 U.S. 296 (2004), when it scored certain offense variables using facts not admitted by Coleman or found by a jury beyond a reasonable doubt. There is no basis for this allegation because Coleman did not receive a sentence beyond the statutory maximum for his crimes. *See* Mich. Comp. Laws §§ 750.227b(1), 750.529; *Montes v. Trombley*, 599 F.3d 490, 496-97 (6th Cir. 2010).

Coleman also argues that the trial court violated his due process rights by assessing points for offenses based on inaccurate information. Coleman also argues that his trial and appellate counsel performed ineffectively by not arguing that the variables were incorrectly calculated.

Federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (internal quotation marks omitted). As a result, an error in the application of state law will be reviewed "only if it were so fundamentally unfair as to violate the petitioner's due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). To the extent that Coleman asserts his sentence was improperly calculated under state law, his claim is not cognizable in federal habeas proceedings. Further, he has not shown that the scoring of the offense variables was so unfair as to violate his due process rights, and he has not made a factual showing that the trial court relied on inaccurate information during sentencing.

"Ineffective assistance under *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] is deficient performance by counsel resulting in prejudice, with performance being measured against an objective standard of reasonableness under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (citations and internal quotation marks omitted). Coleman has not established that he was prejudiced by counsel's failure to argue that offense variables 12 and 19 were improperly scored because there was a sufficient factual basis for the scoring of each variable. Coleman's claim

that *McGraw* prohibited the trial court from considering his post-offense conduct when scoring offense variable 19 lacks merit because "scoring OV 19 necessarily is not limited to consideration of the sentencing offense." *People v. Smith*, 793 N.W.2d 666, 667 (Mich. 2010). Coleman's claim that, when scoring offense variable 12, the trial court was prohibited from considering uncharged contemporaneous felonious criminal acts also lacks merit. *See People v. Light*, __N.W.2d __, 2010 WL 4751768 (Mich. Ct. App. Nov. 23, 2010).

We deny Coleman's motion to remand and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.