SAINT GEORGE GREEK ORTHODOX CHURCH OF SOUTHGATE, MICHIGAN v LAUPMANIS ASSOCIATES, PC

Docket No. 142583. Submitted November 2, 1993, at Detroit. Decided March 21, 1994, at 10:05 A.M.

Saint George Greek Orthodox Church of Southgate, Michigan, brought an action in the Macomb Circuit Court against Laupmanis Associates, P.C., J.S. Vig Construction Company, Insurance Company of North America, and Steyer Roofing Company, seeking damages for the alleged faulty design and construction of a church. Vig filed third-party complaints against five subcontractors, including Spirex Structures, Inc. A mediation panel considered the entire case and, regarding Vig's claim against Spirex, found for Vig in the amount of $15,000. Both Vig and Spirex rejected the mediation evaluation. The circuit court, Raymond R. Cashen, J., ordered all the parties to arbitrate. The arbitration panel concluded that Vig was liable to Saint George for $300,000, and apportioned the costs among the parties. It also concluded that Spirex was not liable to Vig. Vig moved to vacate, modify, or correct the arbitration award, and Saint George moved to confirm the award and to enter it as a judgment. The court confirmed the arbitration award and entered it as a judgment and ordered that no mediation sanctions were allowed. Spirex appealed, alleging that it is entitled to seek mediation sanctions pursuant to MCR 2.403(O)(1) and (2)(c). Spirex argues that a party is not prohibited from seeking sanctions, regardless of whether the case is proceeding to trial, if both parties have rejected the mediation award. Spirex also argues that an arbitration award that is confirmed and entered as a judgment by the trial court is a verdict within the meaning of MCR 2.403(O)(2)(c).

The Court of Appeals *held:*

1. The first sentence of MCR 2.403(O)(1) explains that a party who rejects a mediation decision must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party. The second sentence explains who may recover actual

REFERENCES

Am Jur 2d, Arbitration and Award §§ 6, 166.

See ALR Index under Arbitration and Award; Costs of Actions.

costs if both parties reject the evaluation. The second sentence does not deal with situations where the action is not proceeding to trial.

2. Arbitration is not a trial within the meaning of MCR 2.403(O)(1). The process that occurred in this case, with the case considered first in mediation and later by arbitration, cannot satisfy the language "proceeds to trial" found in MCR 2.403(O) (1).

3. "Verdict" for purposes of MCR 2.403(O)(1) includes a judgment entered as a result of a ruling on a motion filed after mediation. Spirex's claim that confirmation of an arbitration award that is entered as a judgment is a verdict, because it facially satisfies the language of MCR 2.403(O)(2)(c), ignores the requirement that the action be proceeding to trial under MCR 2.403(O)(1). The case was not proceeding to trial at the time Vig moved to vacate the arbitration award. Allowing a party to seek sanctions after the arbitrator has balanced the equities simply because the court has confirmed the award by court order encourages protracted litigation. The purpose of arbitration is to avoid protracted litigation.

4. The purpose of MCR 2.403 would not be served by permitting a party to seek sanctions where the case was not proceeding to trial and the confirmation of the mediation award was not a verdict.

Affirmed.

1. MEDIATION — REJECTION OF EVALUATION — COSTS — PROCEEDING TO TRIAL.

The second sentence of MCR 2.403(O)(1) explains who may recover actual costs if both parties reject a mediation evaluation and does not deal with situations where the action is not proceeding to trial.

2. ARBITRATION — MEDIATION — COURT RULES — WORDS AND PHRASES — "PROCEEDS TO TRIAL."

Arbitration is not a trial within the meaning of the language "proceeds to trial" in MCR 2.403(O)(1); where a case is considered first in mediation and later by arbitration, the process cannot satisfy the language "proceeds to trial" in MCR 2.403(O) (1).

3. ARBITRATION — JUDGMENTS — CONFIRMATION OF AWARD — SANCTIONS — WORDS AND PHRASES — "VERDICT" — PROCEEDING TO TRIAL.

Confirmation of an arbitration award that is entered as a judgment where the action is not proceeding to a trial is not a

"verdict" within the meaning of MCR 2.403(O)(1); allowing a party to seek sanctions after an arbitrator has balanced the equities simply because the court has confirmed the award by court order encourages protracted litigation; the purpose of arbitration is to avoid protracted litigation.

*Law Offices of John F. Gilhool, P.C.* (by *John F. Gilhool*), for J. S. Vig Construction Company.

*Mager, Monahan, Donaldson & Alber* (by *Lawrence M. Scott* and *Bruce H. Hoffman*), for Spirex Structures, Inc.

Before: CAVANAGH, P.J., and MARILYN KELLY and M. D. SCHWARTZ,* JJ.

MARILYN KELLY, J. Spirex Structures, Inc. appeals as of right from an order which denied any party to the suit mediation sanctions. We affirm.

In 1981, Saint George Greek Orthodox Church of Southgate contracted for design and construction of its church. Laupmanis Associates, P.C. was the architect, J.S. Vig Construction Company the general contractor, Insurance Company of North America the surety on the bond, and Steyer Roofing Company the roofer. The building developed substantial water leaks during construction. Despite efforts to correct the problem, it continued after the project had been completed.

In 1986, Saint George filed suit against Laupmanis, Vig, INA and Steyer. In 1987, Vig filed third-party complaints against five subcontractors, including Spirex Structures, Inc. Vig's contract with Spirex required that all disputes between Vig and Spirex be resolved through arbitration according to the Construction Industry Arbitration Rules of the American Arbitration Association.

In 1988, the entire case was heard before a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mediation panel. On Vig's third party claim against Spirex, the mediators found for Vig in the amount of $15,000. Both Vig and Spirex rejected the mediation evaluation. In 1989, after what appears to have been considerable maneuvering by the parties, the court ordered all the parties to arbitrate. The arbitration panel concluded that Vig was liable to Saint George for $300,000 and apportioned the costs among the parties. It also concluded that Spirex was not liable to Vig.

In 1991, Vig moved to vacate, modify or correct the arbitration award pursuant to MCR 3.602(J)(1) and (K)(1). Saint George filed a motion to confirm the award and enter it as a judgment. The proposed order contained a clause stating that the order would not prejudice the rights of any party to file for mediation sanctions. The court confirmed the arbitration award but ordered that no mediation sanctions were allowed.

A

On appeal, Spirex contends that it is entitled to seek mediation sanctions pursuant to MCR 2.403(O)(1) and (2)(c). Spirex argues that a party is not prohibited from seeking sanctions, regardless of whether the case is proceeding to trial, if both parties have rejected the mediation award. Spirex also argues that an arbitration award which is confirmed and entered as a judgment by the trial court is a "verdict" within the meaning of MCR 2.403(O)(2)(c).

MCR 2.403(O) provides:

(1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the

mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

(2) For the purpose of this rule "verdict" includes,

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion filed after mediation.

The issue Spirex raises has not been considered previously by this Court. Interpretation of a court rule is subject to the same basic principles which govern statutory interpretation. *Michigan Basic Property Ins Ass'n v Hackert Furniture Distributing Co, Inc,* 194 Mich App 230, 234; 486 NW2d 68 (1992). A court rule should be construed in accordance with the ordinary and approved usage of the language. It should also be construed in light of its purpose and the object to be accomplished by its operation. *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989). Statutory interpretation is a question of law subject to de novo review on appeal. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 76; 467 NW2d 21 (1991). By analogy, interpretation of court rules is also subject to de novo review on appeal.

B

The first sentence of MCR 2.403(O)(1) contains the phrase "proceeds to trial." The phrase is not included in the second sentence. However, the two sentences should be read as a unit. The first sentence explains that a party who rejects the mediation decision must pay the opposing party's actual costs unless the verdict is more favorable to the

rejecting party. The second sentence explains who may recover actual costs if both parties reject the evaluation. Nothing in the language of the court rule suggests, as Spirex contends, that the second sentence deals with situations where the action is not proceeding to trial. Efforts to assign such a meaning to the second sentence of MCR 2.403(O)(1) defy the rule's plain wording.

Moreover, arbitration is not a trial within the meaning of MCR 2.403(O)(1), as defendant claims. It is a form of alternative dispute resolution where the parties agree to forego their right to a court action and, instead, submit their dispute to a panel of arbiters. *Horn v Cooke,* 118 Mich App 740, 744; 325 NW2d 558 (1982). See MCR 3.602. The process which occurred here, with the case considered first in mediation and later by arbitration, cannot satisfy the language "proceeds to trial" found in MCR 2.403(O)(1).

C

"Verdict" for purposes of MCR 2.403(O)(1), is defined in MCR 2.403(O)(2) and includes "(c) a judgment entered as a result of a ruling on a motion filed after mediation." Defendant claims that confirmation of an arbitration award which is entered as a judgment is a verdict, because it facially satisfies the language of MCR 2.403(O)(2) (c). However, such an interpretation ignores the requirement that the action be proceeding to trial under MCR 2.403(O)(1). At the time Vig moved to vacate the arbitration award, although the parties were not yet in agreement, the case was not proceeding to trial.

Construing MCR 2.403(O)(2)(c) as Spirex urges also ignores a previous explanation of this rule:

[T]he [Supreme] Court intended to include those

cases which are disposed of by motion following mediation but prior to the commencement of trial. [*Johnson v State Farm Mutual Automobile Ins Co,* 183 Mich App 752, 769; 455 NW2d 420 (1990).]

In *Johnson,* the case was summarily decided after the defendant rejected a mediation award and both parties moved for summary disposition. The posture of *Johnson* should be distinguished from that of the instant case where the parties are still seeking to work within the framework of arbitration and the arbitration award.

In construing a statute, the court should presume that every word has some meaning and should avoid a construction which renders any part of it surplusage or nugatory. *Altman v Meridian Twp,* 439 Mich 623, 635; 487 NW2d 155 (1992). If the interpretation defendant urges were adopted, the requirement of "proceeding to trial" in MCR 2.403(O)(1) would be rendered nugatory.

D

Furthermore, adopting defendant's interpretation would permit a party to seek sanctions in circumstances where we have previously concluded that sanctions are not appropriate. MCR 2.403 was designed to expedite and simplify the final settlement of cases to avoid a trial. *Smith v Elenges,* 156 Mich App 260, 263; 401 NW2d 342 (1986). A further purpose of arbitration is to avoid protracted litigation. *NuVision v Dunscombe,* 163 Mich App 674, 684; 415 NW2d 234 (1987). Allowing a party to seek sanctions after the arbitrator has balanced the equities simply because the court has confirmed the award by court order encourages protracted litigation.

We noted in *Larson v Auto-Owners Ins Co,*[1] that the purpose of MCR 2.403, to settle cases without further litigation, would not be served by "distinguishing awards of attorney fees from sanctions that include attorney fees." Here, the purpose would not be served by permitting a party to seek sanctions when the case was not proceeding to trial and the confirmation of the mediation award was not a verdict.

Affirmed.

---

[1] *Larson v Auto-Owners Ins Co,* 194 Mich App 329, 333-334; 486 NW2d 128 (1992).