[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present civil action claiming damages for personal injuries was referred, by the court, to mandatory arbitration pursuant to P.B. §23-61 and resulted in an award by the arbitrator in favor of the plaintiff. No claim for a trial de novo pursuant to P.B. § 23-66 was filed by the defendant.
The plaintiff had previously filed an offer of judgment for an amount less than the amount awarded by the arbitrator which was not accepted by the defendant. The plaintiff therefore claims that she is entitled to 12% interest on the award pursuant to the provisions of General Statutes § 52-192a(b).
General Statutes § 52-192a(b) provides that "[A]fter trial" the court shall examine the record to determine if an offer of judgment has been filed. The mandatory arbitrator does not require strict adherence to the rules of evidence and the procedure is described as proceedings or hearings but not as a trial. See P.B. § 23-63 and General Statutes CT Page 8025 § 52-549u et sep.
The court holds that the mandatory arbitration is not a trial and therefore the offer of judgment provisions do not apply. See St. GeorgeGreek Orthodox Church v. Laupmanis, et al, 204 Mich. App. 278,514 N.W.2d 516, 519 (1994).
There is no indication that the issue of the effect of the offer of judgment was submitted to, or considered by the arbitrator and the court takes no position with respect to such a situation.
Any issues involving the taxation of costs shall be resolved pursuant to the provisions of P.B. § 18-5.
RUSH, J.