CUSUMANO v VELGER

Docket No. 248305. Submitted October 12, 2004, at Lansing. Decided
October 26, 2004, at 9:00 a.m.

Salvatore and Susan Cusumano brought an action in the Macomb
Circuit Court against Earl and Virginia Velger, seeking damages
for defendants' failure to disclose defects in property sold to the
plaintiffs. Both sides rejected a mediation award (now called case
evaluation, MCR 2.403[O]), and stipulated the dismissal of the suit
by submitting their dispute to binding arbitration under an
agreement to arbitrate. The arbitration agreement stated that
mediation sanctions would apply. The arbitration panel was not
unanimous in its decision. The court, James M. Biernat, J., denied
the defendants' motion for mediation sanctions on the basis that
the arbitration award was not unanimous, relying on MCR
2.403(O)(7). The defendants appealed.

The Court of Appeals held:

The parties' arbitration agreement stated that mediation sanc-
tions would apply. There is no reason that sanctions would vary
with the number of arbitrators who form the majority decision.
The agreement provided that at least two of the three arbitrators
must agree in a valid decision, and two did agree in a verdict. The
trial court erred in applying the unanimity rule from the media-
tion rule because the availability of sanctions came from the
arbitration agreement, not directly from MCR 2.403. Parties have
a right to a contractual agreement making sanctions available
where they otherwise might not be.

Reversed and remanded.

ARBITRATION — COST SANCTIONS — CIVIL EVALUATION.

An agreement to arbitrate is a contract that may include enforceable
cost sanctions calculated on the basis of the court rule relating to
mediation, now case evaluation (MCR 2.403[O]).

*Leland T. Schmidt & Associates, P.C.* (by *Leland T.
Schmidt*), for the plaintiffs.

*Ronald J. Gricius, P.C.* (by *Jeffrey W. Rentschler*), for the defendants.

Before: WHITBECK, C.J., and JANSEN and BANDSTRA, JJ.

PER CURIAM. Defendants appeal as of right the decision of the trial court denying their request for mediation sanctions against plaintiffs. We reverse and remand for further appropriate proceedings. This case is being decided without oral argument under MCR 7.214(E).

After the parties both rejected a case evaluation, they agreed to arbitrate their dispute. The arbitration agreement and the court order both provided that mediation sanctions shall apply. After the arbitrators found for defendants, defendants moved for mediation sanctions, which were denied by the trial court.

Issues regarding an order to enforce, vacate, or modify an arbitration award are reviewed de novo. *Saveski v Tiseo Architects, Inc,* 261 Mich App 553, 554; 682 NW2d 542 (2004). If applicable to the circumstances, the imposition of case evaluation sanctions is mandatory, and a court's decision whether to grant sanctions is a question of law subject to review de novo on appeal. *Campbell v Sullins,* 257 Mich App 179, 197; 667 NW2d 887 (2003); *Great Lakes Gas Transmission Ltd Partnership v Markel,* 226 Mich App 127, 129; 573 NW2d 61 (1997).

The trial court declined to award sanctions primarily because the arbitration award was not unanimous, relying on MCR 2.403(O)(7). But it is undisputed that the mediation or case evaluation[1] award in this case was

---

[1] MCR 2.403 now uses the terminology "case evaluation" for what was formerly known as "mediation." It is undisputed and beyond reasonable dispute that the reference to the applicability of mediation sanctions in

unanimous. By expressing that the arbitration decision had to be unanimous to allow for case evaluation sanctions, the trial court inappropriately treated the arbitration decision as a case evaluation award rather than as a resolution of the case on the merits. The arbitration agreement contemplates treating the arbitration decision as the "verdict" because comparing the case evaluation award and the arbitration decision was the only rational way to apply the test provided by MCR 2.403(O). MCR 2.403 does not require a "verdict" to be unanimous in order for case evaluation sanctions to apply. Thus, the trial court erred in effectively imposing such a requirement.

The fact that the arbitration agreement did not address the circumstance of an arbitration award that was not unanimous with regard to mediation sanctions does not render it ambiguous because there is no reasonable basis for concluding that a non-unanimous arbitration award should be treated differently than a unanimous award for the purpose of mediation or case evaluation sanctions. See *Universal Underwriters Ins Co v Kneeland,* 464 Mich 491, 496; 628 NW2d 491 (2001) ("A contract is ambiguous if its provisions may reasonably be understood in different ways."). The arbitration agreement expressly provides that two of the three arbitrators must agree on an award. An award by two of the arbitrators is a fully valid decision with as much force as a unanimous award for all purposes, including the application of mediation sanctions.

The fact that the arbitration decision does not address sanctions or costs simply reflects the fact that the applicability of mediation or case evaluation sanctions was not part of the matter submitted to arbitration.

the arbitration agreement contemplated what are now known as case evaluation sanctions under MCR 2.403.

The merits of the underlying claims brought by plaintiffs against defendants were the subject of the arbitration proceeding. There was nothing for the arbitrators to decide with regard to mediation sanctions because the parties expressly agreed in the arbitration agreement that "mediation sanctions shall apply."

Plaintiffs assert that MCR 3.602 provides a court with only general discretion to assess arbitration fees in favor of the prevailing party. The language in MCR 3.602 is simply inapposite. In seeking mediation sanctions, defendants were not asking for an award of the costs of arbitration under the trial court's discretion pursuant to MCR 3.602, but rather as part of the "actual costs" recoverable under MCR 2.403. See MCR 2.403(O)(1). In this regard, MCR 3.602(M) provides that "[t]he arbitrator's compensation is a taxable cost in the action," which indicates that the costs of arbitration are properly considered as part of the "actual costs" recoverable as case evaluation sanctions.

The trial court also referred to the provision of the arbitration agreement for each side to bear the expense of its own arbitrator and to share equally the expenses related to the neutral arbitrator. However, this is not inconsistent with allowing the prevailing side to recover those costs as part of mediation or case evaluation sanctions. The relevant provisions of the arbitration agreement may be read consistently by recognizing that the language regarding payment of arbitration expenses dictates how the arbitrators shall be paid as an initial matter, but does not preclude the prevailing side from recovering its costs in that regard as part of an award of mediation sanctions under the arbitration agreement.

Finally, we agree with defendants that *St George Greek Orthodox Church v Laupmanis Associates, PC,*

204 Mich App 278; 514 NW2d 516 (1994), does not preclude awarding mediation or case evaluation sanctions in this case. *St George* involved a dispute related to a contract that required disputes to be resolved through arbitration proceedings and an eventual court order submitting the matter to arbitration. At issue on appeal was whether mediation sanctions were available under MCR 2.403. *St George, supra* at 281. This Court concluded that there was no right to mediation sanctions under MCR 2.403 (at least as then in effect[2]) when a matter is resolved by arbitration and a court merely enters an order confirming the award. *St George, supra* at 282-285. However, unlike in the present case, there is no indication from *St George* that there was any contractual agreement between the parties that mediation or case evaluation sanctions would apply to the arbitrators' award. Accordingly, the *St George* panel did not address whether such a contractual provision would be enforceable. Thus, at most, *St George* supports that there may not be a direct right to mediation or case evaluation sanctions under MCR 2.403 where the merits of a case are resolved by arbitration. But, in the present case, the availability of such sanctions is derived from the arbitration agreement, not directly from MCR 2.403 itself. Nothing in *St George* can reasonably be read as precluding such a contractual agreement to make mediation or case evaluation sanctions available where otherwise they might not be.

---

[2] While the details of the reasoning in *St George* on this point are not important to this case, its analysis focused largely on the use of the phrase "proceeds to trial" in MCR 2.403(O)(1) as in effect at the pertinent time and that arbitration does not constitute a trial. See *St George, supra* at 282-284. In the current version of MCR 2.403(O)(1), the phrase "proceeds to trial" has been replaced with the phrase "proceeds to verdict." Regardless, there is no need to address, in this case, whether the holding in *St George* applies to the present version of MCR 2.403.

We reverse the trial court's decision regarding mediation sanctions and remand this case for further appropriate proceedings consistent with this opinion. We do not retain jurisdiction.