# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHARLIE DAVIS,

      Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
June 21, 2016

No. 326126
Oakland Circuit Court
LC No. 2012-128251-NF

---

Before: M. J. KELLY, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying his motion to confirm an arbitration award and for entry of judgment in his favor that included an award of case evaluation sanctions. We affirm.

Plaintiff was involved in a motor vehicle accident in 2011 and sought first-party no-fault insurance benefits from defendant. When no-fault benefits were denied, plaintiff filed a lawsuit. The matter proceeded to case evaluation and was evaluated at $30,000. Plaintiff accepted the evaluation, but defendant rejected it.

Eventually the parties entered into an arbitration agreement, which provided that plaintiff's claim for "benefits, interest, costs and attorney fees" would be submitted to binding arbitration under MCL 691.1681. The agreement also provided that, in consideration for arbitrating plaintiff's claims, the circuit court case would "be dismissed with prejudice and without costs to either party," but the court would retain jurisdiction "for issues consistent with this Agreement." The arbitration agreement also stated: "The decision of the arbitrators will represent a full and final award and extinguish Defendant's liability for all No-Fault claims for past and present PIP benefits, and past and present No-Fault costs, interest and attorney fees. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof." Thereafter, a stipulated order of dismissal was entered by the trial court, which stated that plaintiff's claims against defendant were "dismissed with prejudice and without costs, pursuant to the Arbitration Agreement." The order also provided that the court would retain jurisdiction pursuant to the arbitration agreement, but that the order resolved "the last pending claim in this matter and closes the case."

-1-

The matter proceeded to arbitration and plaintiff was awarded $37,500 in full satisfaction of all no-fault benefits through the date of the award, as well as all no-fault interest, costs, and attorney fees. Plaintiff then filed a motion to confirm the arbitration award and for entry of a judgment. Plaintiff's proposed judgment attached to his motion was for $37,500, plus "interest, costs, fees, and Case Evaluation costs and sanctions pursuant to MCL 691.1681, 600.2441, 600.6305, 600.6306, 600.6013; MCR 2.601, 2.602, 2.625, and 2.403(O)." That is, plaintiff's proposed judgment was not in the amount of $37,500. Defendant opposed the motion, arguing that the underlying circuit court case was dismissed in its entirety, with prejudice; thus, plaintiff's claim for case evaluation sanctions was frivolous and clearly designed to harass defendant. The trial court agreed with defendant that plaintiff was not entitled to case evaluation sanctions because the case was dismissed with prejudice and the parties entered into a binding agreement to settle all claims. Accordingly, the trial court entered an order denying plaintiff's motion. This appeal followed.

Plaintiff argues that the trial court erred in denying his requests to enter judgment on the arbitration award and to award him case evaluation sanctions under MCR 2.403(O). We disagree.

This Court reviews de novo a trial court's decision to enforce or vacate a statutory arbitration award. *Fette v Peters Const Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015). Issues of contract, court rule, and statutory interpretation are reviewed de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005); *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007). And the decision whether to award case evaluation sanctions under MCR 2.403(O) is reviewed de novo as a question of law. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

The parties' arbitration is governed by the Uniform Arbitration Act (UAA), MCL 691.1681 *et seq.* Relevant here is MCL 691.1702, which provides: "After a party to an arbitration proceeding receives notice of an award, the party may move the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected . . . or is vacated . . . ." And, MCL 691.1705(1) provides: "On granting an order confirming . . . an award, the court shall enter a judgment that conforms with the order."

Here, after the arbitration award in the amount of $37,500 was issued, plaintiff filed a motion seeking entry of a judgment that was not in the amount of $37,500. Rather, plaintiff's proposed judgment was for $37,500, plus "interest, costs, fees, and Case Evaluation costs and sanctions . . . ." MCL 691.1705(1) mandates that the judgment entered on the arbitration award "conform[] with the order" entered under MCL 691.1702 confirming the award. Because plaintiff requested the trial court to enter a judgment that would not conform to an order confirming the arbitration award of $37,500, the trial court properly denied plaintiff's motion.

And the trial court was without authority to enter a judgment in an amount other than the amount awarded by the arbitrators. The arbitration agreement did not provide that case evaluation sanctions would apply. See *Cusumano v Velger*, 264 Mich App 234, 235, 237-238; 690 NW2d 309 (2004). To the contrary, the parties' arbitration agreement provided that (1) the circuit court case was "dismissed with prejudice and without costs to either party," (2) the court retained jurisdiction only to address issues consistent with the arbitration agreement and for entry

-2-

of judgment "upon the award rendered by the arbitrators," and (3) the arbitrators' decision represented "a full and final award." Contracts are to be enforced according to their plain language. *Rory*, 473 Mich at 468. Further, the stipulated order of dismissal entered by the trial court provided that the court retained jurisdiction pursuant to the arbitration agreement, but the order resolved "the last pending claim in this matter and closes the case."

Plaintiff argues that he was entitled to an award of case evaluation sanctions and cites *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338; 852 NW2d 22 (2014), in support of his argument. However, that case is factually distinguishable in several critical respects, including that a stipulated order of dismissal had not been entered by the trial court before the issue of damages was referred to an appraisal panel and an appraisal award was issued. *Id*. at 344-345. Rather, in that case, the action proceeded to a judgment and the judgment was entered "as a result of a ruling on a motion after rejection of the case evaluation." *Id*. at 350-351, citing MCR 2.403(O)(2)(c). In this case, a judgment was not entered "as a result of a ruling on a motion after rejection of the case evaluation." See *id*. at 350.

Further, MCR 2.403(O)(1) provides for case evaluation sanctions "[i]f a party has rejected an evaluation and the action proceeds to verdict . . . ." In this case, "the action" was dismissed by stipulated order before the arbitration occurred—the action did not proceed to "verdict." See also *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 31; 666 NW2d 310 (2003). For purposes of case evaluation sanctions, a "verdict" is "(a) a jury verdict, (b) a judgment by the court after a nonjury trial, and (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2). As the *Acorn* Court noted: "A 'judgment' is a court's final determination of the rights and obligations of the parties in a case." *Acorn*, 495 Mich at 351 (quotation marks, footnote, and citation omitted). In this case, the civil action was dismissed and an arbitration panel, not the trial court, determined the rights and obligations of the parties. See *id*. at 355-356.

In summary, the trial court properly denied plaintiff's request for entry of a judgment that was not in the amount of the arbitration award and properly denied plaintiff's request for case evaluation sanctions.

Affirmed. Defendant is entitled to costs as the prevailing party. See MCR 7.219(A).


/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly